Mr. Irvin S. Cowie County Attorney Polk County Post Office Box 60 Bartow, Florida 33830 Attention: Dawn Grant Kahre Assistant County Attorney
Dear Mr. Cowie:
This is in response to your request for an opinion on substantially the following question:
 MAY THE BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY PROVIDE AWARDS TO CERTAIN COUNTY EMPLOYEES WITH NO "LOST TIME" OR PREVENTABLE INJURIES IN AN EFFORT TO PROMOTE COOPERATION WITH THE SAFETY PROGRAM OF THE COUNTY?
Your inquiry presents the issue of whether the expenditure of county funds for the above purposes constitutes a valid and proper county purpose. Section 1(f), Art. VIII, State Const., in pertinent part, provides that noncharter counties "shall have such power of self-government as is provided by general or special law." The statutory implementation of the constitutional provision is contained in s 125.01, F.S. Subsection (1) of s 125.01, in relevant portion, provides: "The legislative and governing body of a county shall have the power to carry on county government." There follows an enumeration of powers which includes, but is not restricted to those powers enumerated therein. Included is the power to adopt ordinances and resolutions necessary for the exercise of its powers. Id. (1)(t).
Paragraph (w) of subsection (1) provides that the county commission is empowered to "[p]erform any other acts not inconsistent with law which are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law." (e.s.)
Additionally, subsection (3)(a) of s 125.01, F.S., provides:
 No enumeration of powers herein shall be deemed exclusive or restrictive, but shall be deemed to incorporate all implied powers necessary or incident to carrying out such enumerated powers, including, specifically, authority to employ personnel, expend funds, enter into contractual obligations, and purchase or lease and sell or exchange real or personal property.
And subsection (3)(b) expressly provides:
 The provisions of this section shall be liberally construed in order to effectively carry out the purpose of this section and to secure for the counties the broad exercise of home rule powers authorized by the State Constitution.
In Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), the Florida Supreme Court, in construing s 125.01, F.S., held that the first sentence of s 125.01(1), which provides that "the legislative and governing body of a county shall have the power to carry on county government," grants to the governing body of a county the full power to carry on county government, and that unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of the first sentence of s 125.01(1), has full authority to act through the exercise of its home rule powers. Speer went on to hold that, since there was no statute, general or special, which either specifically authorized or restricted a particular noncharter county's issuance of a category of general obligation bonds, the first sentence of s 125.01(1) therefore empowered the county board to proceed under its home rule powers to accomplish this purpose. Id., at 211. Cf., State v. Orange County, 281 So.2d 310, 312 (Fla. 1973), which noted that the subject of Article VIII of the 1968 Constitution was to do away with the "local bill evil," (the necessity of counties going to the Legislature to obtain special enabling legislation). See also,. AGO 81-48 (discussing Ch. 71-14, Laws of Florida, and the Speer decision, and concluding that, in the absence of any provision of general or special law restricting or prohibiting a noncharter county from adopting a home rule ordinance to allow certain payments to its employees, noncharter counties have authority to enact ordinances providing for such payments to county employees).
In AGO 83-5, this office concluded that under proper circumstances and based upon appropriate legislative findings, pursuant to the exercise of the county's home rule powers, it was a matter within the legislative judgment of the county commission whether to expend county funds in order to institute an incentive program whereby plaques and incentive awards were to be bestowed upon certain county employees in recognition of superior job-related achievements, and to pay for retirement dinners to pay tribute to certain county employees who have distinguished themselves by their service to the county. That opinion made it clear that the county should make appropriate legislative findings as to the purpose of the ordinance providing for such incentive program and the benefits which would accrue to the county from such program; and that the stated question "involve[d] the exercise of legislative judgment and [was] a matter that the county commission as the legislative and governing body of the county must initially determine by county ordinance under the power granted by s125.01(1), F.S., setting forth the requisite legislative findings and intent." The county commission may not delegate such legislative functions and determinations to the Attorney General, nor may the Attorney General undertake to make such legislative findings and determinations for the county. In the instant situation, the board of county commissioners must determine the need for the proposed incentive program and the benefits thereof to and in the common interest of the people of the county. Further, the board must make a determination as to the specific form, amount or value and nature of any award provided under any such incentive program.
It is therefore my opinion that the Board of County Commissioners of Polk County may, by proper ordinance making the appropriate legislative determinations as to the purpose of the ordinance and the benefits thereof to the county, provide for incentive awards to certain county employees in certain circumstances to promote cooperation with the safety program of the county, and may expend county funds for such legislatively declared purpose.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General